The People of the State of New York, Plaintiff, v. Jesse Hart, Defendant.

(Supreme Court, St. Lawrence Trial Term, March, 1920.)

Penalties — action to recover a penalty for selling milk diluted with water — statutes — waiver — Agricultural Law, § 33.

> In an action to recover a penalty for selling to a cheese factory to be manufactured milk diluted with water, in violation of section 33 of the Agricultural Law, it is no defense that defendant, before offering the adulterated milk for sale, told the cheese maker and the inspector, who was about to make a test, that by accident a certain quantity of water had been poured into the milk.
>
> The acceptance of the adulterated milk by the cheese maker and the inspector could not and did not waive the defendant's violation of the statute.

Action to recover a penalty.

Lawrence Russell, for plaintiff.

Earl Barkhuff, for defendant.

Van Kirk, J. This is an action to recover a penalty because the defendant had sold to a cheese factory adulterated milk, or milk diluted with water. No witness was sworn. It was conceded that the bringing of the action was duly authorized; that defendant's wife had spilled by accident four quarts of clean water in his can of milk; that she took this can of diluted milk to the factory; there was a state inspector at the factory and, before offering the milk for sale, she told

the cheese maker and the inspector that she had spilled four quarts of water in the milk and asked them to accept the milk and deduct the weight of the water therefrom; the cheese maker and inspector then accepted the milk; that the milk and water contained an excess of fluids and came within the definition of adulterated milk.

The plaintiff then moved for a judgment against the defendant for the penalty of fifty dollars.

The position of the defendant is that he did not offer the contents of the can for sale as milk, but rather as a quantity of milk with four quarts of pure water in it, and, therefore, there was no violation of the statute; that, while a person cannot offer milk containing an excess of water as milk, he may always offer it for what it is.

Section 33 of the Agricultural Law reads as follows: '' Regulations in regard to butter and cheese factories. — No person shall sell, supply or bring to be manufactured to any butter or cheese factory any milk diluted with water, or any unclean, impure, unhealthy, adulterated or unwholesome milk, or milk from which any of the cream has been taken, except pure skim milk to skim-cheese factories.'' This defendant did sell, to be manufactured, to a cheese factory, milk adulterated with water. He sold it as milk adulterated with water. He did the act which the statute forbids. The milk containing an excess of water was received and used with other milk. Though the water was not paid for, the adulterated milk was used and became a part of the milk of the factory. The purchaser, or the state inspector, had no right to waive the provisions of the statute. By accepting the milk, they may have waived any right to complain which they personally had, but could not waive the wrong, or the violation of the statute. A man may not sell adulterated milk to a milk or cheese factory, even though the cheese factory is willing to buy it. The seller must conform to the

PEOPLE *v.* HART.

Supreme Court, March, 1920.     [Vol. 110, Misc.]

standard fixed by the statute, or incur the penalty. *People* v. *Bowen,* 182 N. Y. 1, 7.  Selling milk diluted with water to any cheese factory to be manufactured, without regard to motive or confession, constitutes the wrong.  *People* v. *Kibler,* 106 N. Y. 321, 323.  I find nothing in the statute which permits a man to sell to a cheese factory milk diluted with water, if only he admits the dilution before he actually delivers it.

If this seems a strict construction of the statute in this particular case, it is not more severe than the protection of the public requires, or than our courts have upheld.  The plaintiff's wife was not a witness; we are not informed how the accident happened, but the fact that the adulteration of the milk was admitted when in the presence of the inspector suggests a necessity for enforcing the statute as it reads.  All milk received from customers at factories is not tested.  If a person may deliver milk, into which water has been poured, and have it weighed, until an inspector is present and the milk is about to be tested, and then avoid the penalty by declaring that a certain quantity of water has been accidentally poured into the milk, the public would not be well protected and the purpose of the statute would not be accomplished.  Had the defendant obeyed the statute, he would simply have lost, because of his own mistake, the sale to the factory of his one can of milk; he could still have used it in many ways.

I have examined a number of cases bearing on the question presented here, though I have found none identical with it.  *Lammond* v. *Volans,* 14 Hun, 263; *People* v. *Cipperly,* 37 Hun, dissenting opinion, 324; approved 101 N. Y. 634; *People* v. *Bowen, supra,* and dissenting opinion; *People* v. *Kibler, supra.*

In my opinion the defendant should be held liable for the minimum penalty of fifty dollars.

Judgment accordingly.